**FILED**
**U.S. District Court**
**District of Kansas**
09/29/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT EARL BARBER,**

**Petitioner,**

**v.** **CASE NO. 26-3357-JWL**

**PAUL SNYDER,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed by Petitioner Robert Earl Barber, a state prisoner currently incarcerated at Winfield Correctional Facility in Winfield, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction because it is an unauthorized second or successive petition seeking relief available only under 28 U.S.C. § 2254. If Petitioner wishes to pursue federal habeas relief related to the validity of his 2005 Labette County conviction or sentence, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court.

### Background

In 2005, a jury in Labette County, Kansas convicted Petitioner of attempted first-degree murder and the state district court sentenced him to 620 months in prison. *State v. Barber*, 2021 WL 1584683, *1 (Kan. Ct. App. Apr. 23, 2021) (unpublished), *rev. denied* Jan. 13, 2022. Petitioner pursued a direct appeal and then habeas corpus relief in the state courts. *See Barber v. State*, 2011 WL 6385646 (Kan. Ct. App. Dec. 16, 2011) (unpublished opinion affirming denial of K.S.A. 60-1507 motion), *rev. denied* Feb. 19, 2013; *State v. Barber*, 2007 WL 1309602 (Kan. Ct. App. 2007) (unpublished opinion affirming conviction on direct appeal), *rev. denied* Oct. 1, 2007. In March

2013, he filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction. *Barber v. McKune, et al.*, Case No. 13-cv-3040-SAC, Doc. 1. The Court denied the petition in June 2014, finding that all of Petitioner's claims were either procedurally defaulted, procedurally barred, or failed on their merits. *Barber v. McKune*, 2014 WL 2604283, *2-12 (D. Kan. June 11, 2014). Petitioner appealed, but the Tenth Circuit denied his request for a certificate of appealability and dismissed the appeal. *Barber v. McKune*, 595 F. App'x 817 (10th Cir. 2014).

Petitioner then filed in state court two unsuccessful motions to correct illegal sentence, one in 2014 and one in 2019. *See State v. Barber*, 2021 WL 1584683 at *1. After the Kansas Supreme Court denied review of the denial of the second motion, Petitioner returned to this Court and, in June 2022, filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Barber v. Cheeks*, 2022 WL 2452698 (D. Kan. July 6, 2022). In a memorandum and order issued on July 6, 2022, the Court explained:

> The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Barber v. McKune, et al.*, Case No. 13-cv-3040-SAC. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.
>
> Where a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The sole asserted ground for relief in the petition is that the Kansas courts violated the ex post facto clause of the United States Constitution by denying his 2019 motion to correct illegal sentence. (Doc. 1, p. 5-6.)
>
> Under 28 U.S.C. § 2244(b)(2),

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> The Court has reviewed the petition and concludes that Petitioner has not made the required showings under 28 U.S.C. § 2244(b)(2) with respect to his claim in this petition.
>
> In addition, when deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. Petitioner's claim appears unlikely to have merit. He did not make an ex post facto argument to the Kansas state courts, so the claim appears unexhausted and likely procedurally defaulted. Moreover, the case which Petitioner argues should have controlled the Kansas courts' rulings in his 2019 proceedings, *State v. Murdock*, 299 Kan. 312 (2014), was explicitly overruled by the Kansas Supreme Court in *State v. Keel*, 302 Kan. 560 (2015).
>
> Thus, it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this successive § 2254 petition. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

*Id.* at *1-2. The Court dismissed the petition for lack of jurisdiction. *Id.* at *2. Petitioner did not appeal the dismissal.

Also in 2022, Petitioner filed in state district court a third motion to correct illegal sentence. *See State v. Barber*, 2025 WL 2490519, *2 (Kan. Ct. App. Aug. 29, 2025) (unpublished), *rev.*

*denied* Feb. 26, 2026. After the district court denied the motion, Petitioner filed a notice of appeal and in June 2023, he filed in the state district court a fourth motion to correct illegal sentence. *Id.* When that motion was summarily denied, Petitioner appealed, but the Kansas Court of Appeals affirmed the denial and the Kansas Supreme Court denied the subsequent petition for review in February 2026. *Id.* On September 24, 2026, Petitioner filed the federal habeas petition that began this case. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

Petitioner filed his petition on the form used for seeking federal habeas relief under 28 U.S.C. § 2241, and he states in the petition that he seeks to challenge the Kansas Court of Appeals' ruling on his latest motion to correct illegal sentence. (Doc. 1, p. 2.) In essence, Petitioner wishes to attack the validity of the sentence that was imposed for his 2005 conviction by way of challenging the state-courts' rulings on later motions in which he argued that sentence was illegal.

(Doc. 1, p. 2, 6.) As relief, he asks this Court to vacate his sentence and order the state district court to re-sentence him under the law as set forth in *State v. Murdock*. *Id.* at 7.

A petition for federal habeas relief under 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). For example, the argument that a release date was improperly calculated because less than the appropriate amount of time served was credited is a challenge to the execution of a sentence. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241-43 (10th Cir. 2015). Instead of challenging the initial calculation of the sentence as it was originally imposed, a federal habeas claim properly brought under § 2241 challenges how the sentence is being carried out.

In contrast, the current petition argues that Petitioner's sentence, as it was initially imposed, was invalid in light of later changes to Kansas' sentencing laws. The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, although Petitioner used the form for seeking relief under § 2241, his argument for relief must be brought and considered under § 2254.

As explained in the language quoted above from Petitioner's second § 2254 proceeding in this Court, there are strict limitations on second or successive claims for § 2254 relief. *See* 28 U.SC. § 2244(b). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court in 2014 denied Petitioner's first § 2254 petition for federal habeas relief from his 2005 Labette County

conviction. Therefore, "any later habeas petition challenging the same conviction [or sentence] is second or successive and is subject to the [statutory] requirements of preauthorization." *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). In short, like Petitioner's 2022 federal habeas petition, the current petition is a "second or successive" application for § 2254 relief and there is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

This Court lacks jurisdiction to consider unauthorized second or successive petitions for § 2254 relief. Thus, the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter raises claims that must be brought under 28 U.S.C. § 2254, but this Court has already adjudicated a § 2254 petition challenging the same state-court judgment. Thus, this matter will be **dismissed without prejudice** as an unauthorized second or successive petition which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 29th day of September, 2026 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge