**FILED**
**U.S. District Court**
**District of Kansas**
10/13/2026
**Clerk, U.S. District Court**
**By: KGS Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT EARL BARBER,**

**Petitioner,**

**v.** **CASE NO. 26-3357-JWL**

**PAUL SNYDER,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter began when Petitioner and state prisoner Robert Earl Barber filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) The Court reviewed the petition and on September 29, 2026, issued a memorandum and order ("M&O") explaining that the grounds for relief asserted in the petition appeared to challenge the validity of Petitioner's sentence, so the petition must be brought under 28 U.S.C. § 2254. (Doc. 2.) Therefore, the Court liberally construed the petition as seeking relief under § 2254 and, because Petitioner had not obtained preauthorization from the Tenth Circuit to file a second or successive § 2254 petition, this Court lacked jurisdiction over the current petition, dismissed it without prejudice, and declined to issue a certificate of appealability. *Id.* at 1-2, 5-6. Judgment was entered the same day. (Doc. 3.)

This matter comes now before the Court on Petitioner's October 6, 2026 motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 4.) For the reasons explained below, the Court finds that Petitioner is not entitled to relief from judgment in this case. Thus, the Court will deny the motion and direct the Clerk to close this case once more.

**Background**

As set forth in the M&O, in 2005, a jury in Labette County, Kansas, convicted Petitioner

of attempted first-degree murder and the state district court sentenced him to 620 months in prison. *State v. Barber*, 2021 WL 1584[5]83, *1 (Kan. Ct. App. Apr. 23, 2021) (unpublished), *rev. denied* Jan. 13, 2022. Petitioner unsuccessfully pursued a direct appeal and then habeas corpus relief in the state courts. *See Barber v. State*, 2011 WL 6385646 (Kan. Ct. App. Dec. 16, 2011), *rev. denied* Feb. 19, 2013; *State v. Barber*, 2007 WL 1309602 (Kan. Ct. App. 2007), *rev. denied* Oct. 1, 2007. In March 2013, he filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction. *Barber v. McKune, et al.*, Case No. 13-cv-3040-SAC, Doc. 1. The Court denied the petition in June 2014, finding that all of Petitioner's claims were either procedurally defaulted, procedurally barred, or failed on their merits. *Barber v. McKune*, 2014 WL 2604283, *2-12 (D. Kan. June 11, 2014). Petitioner appealed, but the Tenth Circuit denied his request for a certificate of appealability and dismissed the appeal. *Barber v. McKune*, 595 F. App'x 817 (10th Cir. 2014).

Also in 2014, Petitioner filed in state district court a motion to correct illegal sentence pursuant to K.S.A. 22-3504, arguing that the sentencing court had erred by scoring Indiana convictions in his criminal history as person felonies, meaning that his sentence was illegal. *See Barber*, 2021 WL 1584683, at *1. In support of his argument, Petitioner relied on the Kansas Supreme Court's decision in *State v. Murdock*, 299 Kan. 312 (2014) (*Murdock I*), which was later overruled by *State v. Keel*, 302 Kan. 560 (2015). *See Barber*, 2021 WL 1584683, at *1. Instead of granting Petitioner relief under *Murdock I*, however, "the Labette [C]ounty [D]istrict [C]ourt held [P]etitioner's motion for 18 months, until the Legislature changed the law, with House Bill #2053, signed into law April 2, 2015, by the then Governor, Sam Brownback . . . ." (Doc. 4, p. 2-3 (all errors in original).) Then, later in 2015, it denied the motion to correct illegal sentence, relying on H.B. 2053 and "saying the new House Bill fixed the *Murdock* <u>loophole</u>, not the <u>law</u>, but the

loophole." *Id.* at 3 (emphasis in original).

Petitioner filed a notice of appeal, "but he was not appointed appellate counsel and it does not appear that an appellate court reviewed that decision." *Barber*, 2021 WL 1584683, at *1. In 2019, Petitioner filed a second motion to correct illegal sentence, again arguing the miscalculation of his criminal history score at sentencing, this time relying on *State v. Murdock*, 309 Kan. 585 (2019) (*Murdock II*). *See Barber*, 2021 WL 1584683, at *1. Because "*Murdock II* allowed only those defendants whose direct appeals were pending to benefit from a change in the law" and Petitioner's "direct appeal had been decided in 2007 and his 2014 and 2019 motions to correct an illegal sentence were not direct appeals, the district court denied [the] motion." *Id.*

On appeal from the denial, the Kansas Court of Appeals affirmed, noting that "in *Murdock II*, [the Kansas] Supreme Court underscored that 'the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced.'" *Id.* at *2 (citation omitted). It further noted *Murdock II*'s holding that "'a sentence that was legal when pronounced does not become illegal if the law subsequently changes'" unless the "change in the law occurs while a direct appeal is pending, because a sentence is not final until the direct appeal is completed." *Id.* at *2 (citations omitted). Because Petitioner's direct appeal was final well before *Murdock I*, the state appellate court held, Petitioner was not entitled to relief. In January 2022, the Kansas Supreme Court denied Petitioner's petition for review.

Five months later, Petitioner filed in this Court a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 2, p. 2.) As the sole ground for relief, Petitioner argued:

> On May 15, 2014, this petitioner filed in the District [Court] a motion pursuant to K.S.A. 22-3504, in light of the then recent ruling of *State v. Murdock*, 299 Kan. 312, 313, 314, 323 P.3d 846 (2014). The District Court held petitioner's motion for over a year, until the law was changed, an[d] applied the new law to petitioner, which violated the Ex Post Facto clause of the U.S. Constitution.

*See Barber v. Cheeks*, Case No. 22-cv-3130-SAC, Doc. 1, p. 5. The Court reviewed the petition and concluded that it was an unauthorized second or successive § 2254 petition and it was not in the interest of justice to transfer the petition to the Tenth Circuit for possible authorization. *Id.* at *1-2. Thus, this Court dismissed the petition for lack of jurisdiction and did not issue a certificate of appealability. *Id.* at *2. Petitioner did not appeal.

Instead, he returned to state district court and filed a third motion to correct illegal sentence. *See State v. Barber*, 2025 WL 2490519, *2 (Kan. Ct. App. Aug. 29, 2025) (unpublished), *rev. denied* Feb. 26, 2026. After the district court denied the motion, Petitioner filed a notice of appeal[1] and in June 2023, he filed in the state district court a fourth motion to correct illegal sentence. *Id.* When that motion was summarily denied, Petitioner appealed, but the Kansas Court of Appeals affirmed the denial and the Kansas Supreme Court denied the subsequent petition for review in February 2026. *Id.*

On September 24, 2026, Petitioner filed the federal habeas petition that began this case. (Doc. 1.) As noted above, Petitioner filed his petition on the form for seeking relief under 28 U.S.C. § 2241. In Ground One, he asserted: "The Kansas Supreme Court interpreted several existing statutes, that rend[er]ed petitioner's sentence illegal. Petitioner filed a[] K.S.A. 22-3504 petition in the District Court that sentence[d] him, and appealed to the [Kansas Court of Appeals] and Supr[eme] Court." (Doc. 1, p. 6.) As supporting facts for Ground One, Petitioner stated: "The District Court held Petitioner's petition for more than 18 months, until the law changed, with H.B. 2053, then applied the new law to petitioner. Petitioner is saying it was an ex post facto ruling, for the new H.B. 2053 enhanced Petitioner's punishment." *Id.* In Ground Two of the petition, Petitioner asked "[w]hether the then[-]new H.B. #2053 could be applied retroactively." *Id.* As

[1] It appears that Petitioner did not pursue an appeal from the denial of the third motion to correct illegal sentence, but the information now before this Court is not entirely clear on this point.

supporting facts for Ground Two, Petitioner stated: "None of the appeals courts would answer the Issue, choosing instead to completely ignore the Issue and to completely mis-interpret Petitioner's Brief." *Id.* (all errors in original). Petitioner refers this Court to his brief and the Kansas Court of Appeals memorandum decision. As relief in this case, Petitioner sought an order directing the Labette County District Court to vacate his sentence and resentence him under the law as interpreted in *Murdock I*. *Id.* at 7.

In the M&O this Court issued on September 29, 2026, it explained:

> Petitioner filed his petition on the form used for seeking federal habeas relief under 28 U.S.C. § 2241, and he states in the petition that he seeks to challenge the Kansas Court of Appeals' ruling on his latest motion to correct illegal sentence. (Doc. 1, p. 2.) In essence, Petitioner wishes to attack the validity of the sentence that was imposed for his 2005 conviction by way of challenging the state-courts' rulings on later motions in which he argued that sentence was illegal. (Doc. 1, p. 2, 6.) As relief, he asks this Court to vacate his sentence and order the state district court to re-sentence him under the law as set forth in *State v. Murdock*. *Id.* at 7.
>
> A petition for federal habeas relief under 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . .'" *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). For example, the argument that a release date was improperly calculated because less than the appropriate amount of time served was credited is a challenge to the execution of a sentence. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241-43 (10th Cir. 2015). Instead of challenging the initial calculation of the sentence as it was originally imposed, a federal habeas claim properly brought under § 2241 challenges how the sentence is being carried out.
>
> In contrast, the current petition argues that Petitioner's sentence, as it was initially imposed, was invalid in light of later changes to Kansas' sentencing laws. The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, although Petitioner used the form for seeking relief under § 2241, his argument for relief must be brought and considered under § 2254.

(Doc. 2, p. 4-5.)

Because the Court interpreted the petition to seek relief available only under 28 U.S.C. §

2254 and this Court has previously adjudicated a § 2254 petition challenging Petitioner's 2005 Labette County conviction, this Court concluded that the current petition was a second or successive petition. *Id.* at 5-6. Petitioner did not obtain the required preauthorization to file his petition, so this Court dismissed this case without prejudice for lack of jurisdiction, explaining to Petitioner that he may independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition if he wishes. *Id.* at 6. The Court declined to issue a certificate of appealability. *Id.*

Petitioner then filed the motion for relief from judgment under Rule 60(b)(6) that is now before the Court. In the motion, he asserts that the Court misconstrued his petition; he was not seeking habeas relief from his underlying state-court conviction. *Id.* at 1. Petitioner explains that the petition that began this case raised an argument that was unavailable to him when the Court adjudicated his first § 2254 petition, as it is based on law that did not exist until later. *Id.* at 2. He further clarifies that he "wants this Court to . . . answer the question of was the denial of Petitioner's K.S.A. 22-3504 motion an Ex Post Facto violation." *Id.*

**Discussion**

Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete*, 294 F.3d at 1009. Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In addition, "Rule 60(b) relief is not properly granted where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (citation omitted).

As a threshold matter, the Court assures Petitioner it is aware he was not attempting in this case to challenge the validity of his *conviction*. The Court is unconvinced, however, that Petitioner's argument, at its core, is not a challenge to the validity of his *sentence*, which must be brought under 28 U.S.C. § 2254. It is worth noting that the issues in the petition that began this case are substantively the same as the issue in Petitioner's 2022 petition for federal habeas relief under § 2254.

Petitioner filed the motions to correct illegal sentence after *Murdock I* because he believed he was entitled to have his criminal history score calculated in accordance with the law as interpreted in *Murdock I*, as opposed to the law as it was interpreted in 2005 when he was sentenced. In this case, he seeks a ruling reversing the denial of his 2014 motion to correct illegal sentence and directing the state district court to vacate the 2005 sentence and resentence him in accordance with *Murdock I*.

Challenging the constitutionality of a ruling the state district court made during the proceedings on the 2014 motion to correct illegal sentence does not make that challenge arguments properly brought pursuant to 28 U.S.C. § 2241. As explained in the M&O, state prisoners may file § 2241 petitions in this circuit to challenge the execution of a sentence imposed by a state court.

(*See* Doc. 2, p. 5.) Additionally, a state pretrial detainee may file a 28 U.S.C. § 2241 petition "to compel the State to bring [him or her] to trial." *See Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977)). The petition filed in this case does neither.

The Court remains convinced that the arguments in the petition, at their core, are an attack on the validity of the initial sentence, which was at issue in the 2014 motion to correct illegal sentence. This understanding is supported by the relief Petitioner sought in this case: an order directing the Labette County District Court to vacate his 2005 sentence and resentence him in accordance with *Murdock I*. (*See* Doc. 1, p. 7.) A challenge to the length of a sentence imposed, even when the challenge asserts a constitutional violation in later state-court efforts to obtain resentencing, is a challenge that must be considered under 28 U.S.C. § 2254. Petitioner has not shown he is entitled to relief under Rule 60 and the motion for relief from judgment (Doc. 4) will be denied. In addition, the Tenth Circuit has explained that a petitioner must obtain a certificate of appealability to appeal the denial of a Rule 60(b) motion. *See Larson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). The Court declines to issue a certificate of appealability in this matter.

**IT IS THEREFORE ORDERED THAT** the motion for relief from judgment (**Doc. 4**) is **denied**. No certificate of appealability shall issue. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

DATED: This 13th day of October, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge